## H. D. Turney et al. v. Peoria Grape Sugar Co.

1. NOMINAL DAMAGES—*Breach of Contract.*—Where a breach of a contract is shown, but no damages are proven, nominal damages only can be recovered.

Assumpsit.—Breach of contract. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

RUNNELLS & BURRY, attorneys for appellants.

MORAN, KRAUS & MAYER, PAGE, WEAD & PUTERBAUGH and WILLIAM JACK, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit by appellants against appellee, based on a contract between the parties, entered into February 1, 1894, whereby the appellants agreed to furnish to appellee, and the latter agreed to take and receive from appellants, its entire requirements of coal (four to eight cars per day), Reed City lump coal, to be delivered on board cars at appellee's works, from date to February 1, 1895, for which the appellee was to pay $1.20 per ton. The price of mixed, nut, pea and stack made from lump taken by appellee, was to be ten cents per ton at the mines.

The appellants furnished the coal under the contract until the last day of February, 1894, when appellee served written notice on appellants that it would take no more of its coal, and from that time refused to take any more coal under the contract.

There was no dispute but that appellee was liable for at least nominal damages under the contract, but it was contended before the jury that there were no substantial damages shown, and so appellee contends here. A car load of

coal was about twenty-five tons. There is no doubt but that the notice of the termination of the contract on the part of the appellee and its refusal to receive any more coal was in law a continuing refusal, and appellants were not bound to tender any more coal. Benj. on Sales, 740; L. S. & M. S. Ry. Co. v. Richards, 152 Ill. 59.

The evidence in this case failed to show that there was any market price of the coal in Peoria, at the time covered by the contract, of the amounts agreed to be paid for by appellees, hence there could be no damages based on a difference in favor of appellants between the contract and the market price of the coal.

The appellants sought to recover as damages, profits they could have made on the basis of a contract between them and the Reed City Coal Co., by which appellants were to receive coal mined to amount of not exceeding 12,000 and not less than 3,000 tons per month, and were to pay therefor at the mines from seventy-five to eighty-five cents per ton, depending on the amount taken per month. If under 5,000 tons per month, eighty-five cents per ton; if over that amount and up to 10,000 per month, eighty cents per ton; and if more than 10,000 tons in any month, seventy-five cents per ton.

The appellants could not recover on this basis, first, because such special damages were not claimed in the declaration, the third and fourth counts claiming such damages having been dismissed on the trial by appellants.

Even had appellants been in position to claim them, the proof failed to show any profits even under such contract and offer of proof. At eighty-five cents per ton for lump coal, thirty cents per ton for freight and five cents per ton for switching, the costs to appellants at appellee's works would be $1.20 per ton, the same amount appellants, under their contract with appellee, were to receive. The court was authorized to exclude the contract from the evidence, on that ground, as well as the want of proper count in the declaration, appellants not offering to follow up the proof by offering to show that they had the ability to take from

the Reed City Coal Co. more than 5,000 tons of coal, or could take it, in accordance with their contract with that company. According to the evidence in this case on the trial there was nominal damages to appellants only, and the jury could not legally find more than for such damages, and its verdict in favor of appellants for one cent was the only verdict it could properly render.

The giving and refusing instructions by the court, even if technically erroneous, could work no injury to appellants. We need, therefore, not pass on the questions raised thereon.

The judgment of the court below is affirmed.